**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| JENNELL WILLIAMS-ZAHIR, Individually, and as PERSONAL REPRESENTATIVE of the ESTATE OF ARIF ZAHIR, | ) ) ) ) ) | |
| Plaintiff, | ) ) | C.A. No. N19C-05-116 CEB |
| v. | ) ) | |
| BAYHEALTH MEDICAL CENTER, INC., | ) ) | |
| Defendant. | ) | |

Submitted: June 30, 2023
Decided: December 14, 2023

## ORDER

*Upon Plaintiff's Motion for Costs and Interest*
**GRANTED IN PART and DENIED IN PART**

Timothy E. Lengkeek, Esquire, Young Conaway Stargatt & Taylor, LLP, Wilmington, Delaware. *Attorney For Plaintiff*.

James E. Drnec, Esquire, Phillip M. Casale, Esquire, Wharton, Levin, Wilmington, Delaware. *Attorneys for Defendant*.

**BUTLER, R.J.**

1

With respect to Plaintiff's motion for costs in this matter, there are two issues the parties would have me resolve before getting down to the dollars and cents: where does Defendant Bayhealth reside for purposes of assessing costs and whether the Covid related delays in the trial should toll the running of prejudgment interest.

**COSTS**

By statute, costs are not recoverable where the litigation is brought in a county other than the one in which the defendant "resides."[1]  So, where does Bayhealth reside?  Plaintiff directs the Court to *Bounds v. Delmarva Power & Light Co.*,[2] a case in which Judge Vaughn ruled that Delmarva Power resides in all three counties because of its "extensive presence" throughout the State.  The defense directs the Court to other decisions against less notable entities, where costs were not allowed.[3]

In *Zazanis v. Jarman,*[4] which appears to be the first case interpreting where corporations "reside" within the meaning of section 5102, the Court said "[t]here

---

[1] 10 *Del. C.* § 5102 ("Wherever suit is brought in any civil action, excepting action where the venue is by law local, against any citizen of this State, in any other county than that wherein such citizens resides at the time of the inception thereof, the plaintiff shall not recover costs and such costs shall not be payable by the defendant nor collectible by execution process.").

[2] 2004 WL 343974 (Del. Super. Jan. 30, 2004).

[3] E.g., *W & G Milford Associates, L.P. v. Jeffcor, Inc.,* 1991 WL 113353, at *4 (Del. Super. Apr. 12, 1991) (principal place of business Kent and Sussex, suit brought in New Castle; no costs).

[4] 1990 WL 58158 (Del. Super. Mar. 20, 1990).

does exist some difference of opinion among the cases where exactly that residence will be. Some hold that it is the principal office or principal place of business or where the corporate books are kept or the county which is designated on the certificate of incorporation."[5] Alas, the issue was a layup for the *Zazanis* Court, since the fire company in question had but one location.

Thus, the only working rubric we have to determine Bayhealth's "residence" in the decisional law appears to be Judge Vaughn's term "extensive presence" in all three counties. Defendant says Bayhealth is incorporated in Kent County and has two freestanding hospitals, one in Kent and one in Sussex County. While its relevance is uncertain, Defendant points out that the claims giving rise to this suit occurred in the Kent County hospital and it was only Plaintiff's choice that Bayhealth was sued in New Castle County. Plaintiff points out that Bayhealth has a "facility" in Middletown, New Castle County, but Bayhealth notes that Christiana Care is by far the larger presence in New Castle County.

Adopting Judge Vaughn's "extensive presence" test for determining residence, the Court cannot conclude that Bayhealth has an extensive presence in New Castle County. Bayhealth is a native and well-known inhabitant of Kent County and Sussex County. It may have a facility in New Castle County, but it

---

[5] *Id.* at *4.

cannot be said its presence here is "extensive" in the way Delmarva Power was in the *Bounds* decision. I therefore conclude that Plaintiff is barred from recovery of costs by operation of 10 *Del. C.* § 5102.

**PREJUDGMENT INTEREST**

The parties dispute the pretrial delays and their impact on prejudgment interest. They do not dispute that suit was brought in this Court in May, 2019 and in March, 2020, the Court (and most of the country) went into the Covid lockdown, making judicial proceedings difficult, if not impossible. There was an assigned trial date in April 2021 and the parties were given a choice of a bench trial or a rescheduling as no jury trials were proceeding during Covid; they chose to reschedule. A second date in May, 2022 was more promising as the courthouse was reopening, but the date could not be guaranteed due to the other cases in the backlog and, given the number of medical witnesses involved, the parties stipulated to a rescheduling. The case was finally scheduled – and tried – in June 2023.

Defendant agrees that it is responsible for prejudgment interest in a tort case involving wrongful death.[6] But, it says, it was not the cause of the delay from 2021

---

[6] *See* 6 *Del. C.* § 2301(d) ("In any tort action for compensatory damages in the Superior Court or the Court of Common Pleas seeking monetary relief for bodily injuries, death or property damage, interest shall be added to any final judgment entered for damages awarded, calculated at the rate established in subsection (a) of this section, commencing from the date of injury, provided that prior to trial the

4

to 2023 in getting the matter to trial and it therefore should not be saddled with the prejudgment interest during this period.

The delay itself, and its causes, are unfortunate for all, but they are largely irrelevant under the statute, which is blind to the reasons for the length of time between "date of injury" to the jury's verdict. Plaintiff fulfilled the conditions precedent to the availability of prejudgment interest and it is the Court's duty to impose it regardless of the reasons.[7]

**CONCLUSION**

These rulings likely moot some of the disputations in the pleadings on the more granular issues. I would like – but probably will not get – a draft final order agreed to by the parties that implements the Court's rulings. I will leave the math to the parties as I have no facility for the subject.

**IT IS SO ORDERED**.

/s/ Charles E. Butler
Charles E. Butler, Resident Judge

---

plaintiff had extended to defendant a written settlement demand valid for a minimum of 30 days in an amount less than the amount of damages upon which the judgment was entered.").

[7] Covid has repeatedly been rejected as a basis for tolling the running of prejudgment interest. *See, e.g., Halaszi v. Wal-Mart Stores East LP,* 2023 WL 2980454, at *3–5 (Del. Super. Apr. 13, 2023); *Permint v. Kia Motors America, Inc*., 2022 WL 2443009, at *2 (Del. Super. June 23, 2022).